**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CYNTHIA ALLEN,<br>    Appellant, | DOCKET NUMBER<br>DA-0752-18-0011-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>    Agency. | DATE: May 3, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James R. O'Connor</u>, Esquire, and <u>Ryan Green</u>, Esquire, Washington, D.C.,
    for the appellant.

<u>David V. Sorola</u>, Esquire, Del Rio, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal pursuant to 5 U.S.C. chapter 75 for "Submitting Inaccurate Time and Attendance Records" and "Failure to Follow Procedures to Request Leave." Initial Appeal File (IAF), Tab 4 at 22-25, 71-73, Tab 42 at 5. On

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review, the appellant argues that, although she submitted inaccurate timesheets, she did not intend to deceive the agency. Petition for Review (PFR) File, Tab 3 at 7-10. She further alleges that the agency improperly relied on ex parte information, that the administrative judge failed to properly analyze witness credibility, and that her removal constituted an excessive penalty. *Id.* at 11-18. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the analysis of the appellant's affirmative defenses of disparate treatment disability discrimination and retaliation for engaging in protected activity, we AFFIRM the initial decision.

We have considered the appellant's arguments on review but find that they do not warrant disturbing the initial decision. The administrative judge properly considered the record as a whole, including the appellant's proffered explanation for her inaccurate timesheets, and reasonably concluded that she acted with the requisite intent. IAF, Tab 45, Initial Decision (ID) at 17. The administrative judge also thoroughly considered the appellant's due process arguments and reasonably concluded, based on a credibility determination, that the deciding official did not rely on the letter of counseling in deciding to remove the

appellant. ID at 21-24. We find that the administrative judge conducted a proper credibility analysis of the testifying witnesses and properly weighed the totality of the testimonial and documentary evidence. ID at 20-21, 23-24. The weight of the evidence supports the administrative judge's findings, which are entitled to deference. *See, e.g.*, *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011). Finally, the record reflects that, in sustaining the agency's removal action, the administrative judge considered the record as a whole, found that the deciding official properly weighed the relevant factors, and agreed that removal for the appellant's conduct was reasonable and promoted the efficiency of the service. ID at 26-29. As such, we find the appellant's arguments in this regard unavailing. *See Kirkpatrick v. U.S. Postal Service*, 74 M.S.P.R. 583, 591 (1997) (explaining that the Board has long recognized that removal for falsification and dishonest activity promotes the efficiency of the service because such behavior raises serious doubts as to the appellant's reliability, trustworthiness, and continued fitness for employment).

Although not raised on review, we note that, in finding that the appellant failed to prove her affirmative defenses of disability discrimination and retaliation for engaging in protected activity, the administrative judge cited *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 42, 51 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25. ID at 18-19. Subsequent to the initial decision, the Board issued *Pridgen*, which clarified the standards applicable to these claims.

Here, the administrative judge more summarily concluded that "[she was] not persuaded that retaliation and discrimination were the reasons for the agency action" and that "the agency's proffered reason for the action was the real reason for the action." ID at 20-21. Nevertheless, she specifically found, based on reasoned credibility determinations, that neither the appellant's alleged disability nor her disclosure thereof played any part in her removal and that the appellant offered nothing more than unsupported allegations as to her affirmative defenses.

ID at 19-20.[2]  To this end, the administrative judge explicitly concluded that all of the agency officials involved in the contested agency action "credibly testified that the appellant's actions regarding her time and attendance records and leave procedures were the <u>only</u> factors in the actions they took regarding the appellant." ID at 20 (emphasis added).  Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions.  *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[2] Although the initial decision references direct evidence and types of circumstantial evidence, we find no indication that the administrative judge disregarded any evidence because of its direct or circumstantial nature.  ID at 19; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 30 (2016), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24.

[3] As to the appellant's affirmative defense of disability discrimination based on the agency's alleged failure to accommodate, the administrative judge concluded that, "to the extent that the appellant [alleged as much]," her contention would be without merit because, as soon as she informed her supervisor of her alleged disability, her supervisor changed her work schedule as permitted.  ID at 20 n.5.  The appellant does not raise any issues related to this affirmative defense on review, and we discern no reason to disturb the administrative judge's finding in this regard.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          *Gina K. Grippando*
                                        _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.